Filed 9/3/20

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and<br>Respondent,<br><br>      v.<br><br>REGINALD RAY YORK,<br><br>    Defendant and<br>Appellant. | B298635<br><br>(Los Angeles County<br>Super. Ct. No. BA042241) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge. Reversed and remanded.

---

    * Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, the introductory paragraphs, Part I, the introductory paragraphs of Part II, Part II.B.1, and the disposition section of this opinion are certified for publication; the concurring opinion is certified for publication in full.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Acting Supervising Deputy Attorney General, Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Reginald York appeals from a postjudgment order denying his petition for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437). As relevant here, the statute and Senate bill provide for vacatur of a defendant's murder conviction and resentencing if the defendant was convicted of felony murder and the defendant (1) was not the actual killer, (2) did not act with the intent to kill, and (3) was not a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

York contends the trial court erred by (1) summarily denying his petition without first appointing counsel, (2) denying the petition on the merits, and (3) denying the petition on the basis that Senate Bill 1437 and section 1170.95 are unconstitutional.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The People agree that section 1170.95 and Senate Bill 1437 are not unconstitutional, but argue that the trial court's ruling should be affirmed, because in 1994 the jury found true the special circumstance that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)), a finding which we affirmed on direct appeal in 1996.

We reverse and remand to the trial court. We agree with the parties that section 1170.95 and Senate Bill 1437 are not unconstitutional. In the published portion of our opinion, we further conclude that the trial court was required to appoint counsel to York before ruling on his petition.

## I.  FACTS AND PROCEDURAL HISTORY

### A. Murder Conviction

In 1994, York was convicted of first degree murder (§ 187, subd. (a) [count 1]) under a felony murder theory of liability. The jury found true the special circumstance that the murder was committed during the commission of a robbery pursuant to section 190.2, subdivision (a)(17), and the allegation that a principal was armed with a firearm (§ 12022, subd. (a)(1)). York was additionally convicted of two counts of kidnapping (§ 209; [counts 2 & 3]), two counts of burglary (§ 459; [counts 4 & 5]), one count of residential robbery (§ 211; [count 7]), and three counts of rape (§§ 261,

3

subd. (a)(2), 264.1, 289; [counts 8–10]).  He was sentenced to life without the possibility of parole, plus 22 years in state prison.[2]

## B. Appeal

York appealed, contending, as pertinent here, that there was insufficient evidence that he acted with "reckless indifference to human life," as required to support the jury's robbery murder special circumstance finding, and that the trial court gave an erroneous instruction regarding "reckless indifference."  (*York*, *supra*, B088372, at pp. 12–13.)  This court concluded that the jury's robbery-murder special circumstance finding was supported because substantial evidence was presented to demonstrate that York acted with "reckless indifference to human life," i.e. that he had a "subjective appreciation or knowledge . . . [that his] acts involved a grave risk that such acts could result in the death of an innocent human being."  (*Id*. at p. 12.)  We also held that there was no error in the instruction given to the jury regarding reckless indifference (CALJIC No. 8.80.1).  (*Id*. at p. 13.)

---

[2] York's offenses, carried out with his co-defendants Anthony D. Jefferson and David Shawn Smith, as recited in our unpublished opinion, *People v. Reginald Ray York et al.* (Jan. 16, 1996, B088372) (*York*), are described in the trial court's ruling, *post*.

## *C. Section 1170.95 Petition for Resentencing*

### 1. <u>Petition for Resentencing</u>

On April 26, 2019, York petitioned for a writ of habeas corpus and/or resentencing under section 1170.95.[3]

### 2. <u>Trial Court's Ruling</u>

The trial court denied the petition on April 30, 2019. The trial court's written ruling discussed the reasons for denial as follows:

"On April 25, 1991, Otis Ervin robbed an armored car of $500,000. Six weeks later, Defendant York joined with Anthony Jefferson and David Smith in an attempt to rob Ervin of his ill-gotten gains. The intended robbery spiraled into a major crime spree which included rape in concert, rape by a foreign object in concert, burglaries, residential robberies, kidnappings and murder. York was convicted by jury and was sentenced to life without parole plus 22 years. His conviction was affirmed by the Court of Appeal in 1996 in an unpublished opinion. (*People v. Reginald Ray York, et al.*, (January 16, 1996), ___ Cal.App.3d ___ [nonpub. opn.])

---

[3] The Clerk of Court of the Superior Court of Los Angeles County certified that the petition filed on April 26, 2019, could not be located. The parties agree that the trial court's order sufficiently refers to the arguments contained therein.

5

Co-defendants Jefferson and Smith were also convicted and sentenced to life without parole.

"The Court of Appeal opinion described the crimes committed by Petitioner and his co-conspirators.

"In this case, substantial evidence of reckless indifference to human life exists. York and Jefferson kidnapped the Howard sisters at gunpoint from the parking lot where they worked. They handcuffed the two sisters and threatened repeatedly to kill them. They informed the sisters that they knew where they and their family lived and had been observing the family. They were joined by Smith and drove the sisters around for hours. They burglarized Reginald Ervin's apartment.

"At the Perry residence, they held the entire Perry household, including four small children, at gunpoint, while they ransacked the house. They kicked, slapped, and beat Reginald Ervin. They threatened to torture and kill the family.

"They raped Yolanda, while continuing to hold her family at gunpoint.

"It is apparent defendants knew that their acts involved a grave risk of the death of an innocent human being. They held two young women at gunpoint and in handcuffs for hours, they held a family, including young children, at gunpoint while they ransacked the residence and raped a sister. They threatened to torture and kill the young women and the family. When Reginald Ervin attempted to break free to get a gun to protect his family,

defendants shot and killed him.' (*People v. Reginald Ray York, el al., Id.*, pp. 12, 13.)

"In this petition for re-sentencing pursuant to Penal Code 1170.95, York claims he was not the actual killer and he did not act with the intent to kill. He also claims he was not a major participant in the underlying felonies and did not act with reckless indifference to human life in this matter. The Court of Appeal found otherwise.

"The jury was instructed that in order to find the felony-murder special circumstance to be true, it must find that defendants were major participants in the underlying felonies and acted with reckless indifference to human life. (CALJIC No. 8.80.1.) 'Reckless indifference to human life' refers to a mental state which includes subjective appreciation or knowledge by a defendant that the defendant's acts involved a grave risk that such acts could result in the death of an innocent human being.

(*People v. Reginald Ray York, et al., Id.*)

"The Court also observed that 'substantial evidence of reckless indifference to human life' existed for each of the defendants and it was 'apparent defendants knew that their acts involved a grave risk of the death of a human being.' (*Id.*)

"York was a major participant in the events and acted with obvious reckless indifference to human life during the course of the many major crimes, including murder, committed in this case. He is not eligible for sentencing

relief pursuant to Penal Code 1170.95.  See Penal Code §§ 189(e)(3) and 1170.95."

As a second and independent ground for denying York's petition for resentencing, the court found that Senate Bill 1437 and section 1170.95 unconstitutionally (1) amend Propositions 7 and 115; (2) violate Article 1, section 28, subdivision (a)(6) and section 29 (Marsy's Law); and (3) violate the separation of powers doctrine, infringing on the powers of the judiciary and the governor.

## II. DISCUSSION

On appeal, York argues that section 1170.95 and Senate Bill 1437 are constitutional, and that he was entitled to appointment of counsel prior to the trial court making any determination as to whether he made a prima facie showing that he falls within section 1170.95's provisions.  He further contends that the jury's 1994 robbery-murder special circumstance finding does not bar him from relief, as the People argue.

The People concede, and we agree, that Senate Bill 1437 and section 1170.95 are constitutional.  Contrary to York's position, a trial court can deny a petition pursuant to section 1170.95 without appointing counsel to a petitioner unless he or she "has made a prima facie showing that he falls within the [statute's] provisions" as required by section 1170.95, subdivision (c), and we maintain that view.  (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1178 (*Torres*) review

granted June 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, 95, review granted July 22, 2020, S262835 (*Smith*).) However, because York has made the initial prima facie showing under section 1170.95, subdivision (c), he is entitled to appointment of counsel.

### A. Constitutionality

The trial court denied York's petition because Senate Bill 1437 unconstitutionally (1) amends section 190, which was passed by referendum in 1978 through Proposition 7, and cannot be amended or repealed except by the people's vote; (2) amends Proposition 115 without a two-thirds majority vote; (3) conflicts with Marsy's Law (Art. 1, §§ 28, subd. (a)(6), 29); (4) violates the separation of powers doctrine with respect to the governor's power of clemency; and (5) violates the separation of powers doctrine with respect to the judiciary's power to resolve specific controversies. The People concede, and we agree, that this was error.

We have previously held that Senate Bill 1437 does not unconstitutionally amend Proposition 7, and we have no reason to deviate from our prior holding. (*Smith, supra,* 49 Cal.App.5th at pp. 91–92.) The remaining constitutional challenges have been considered and rejected by numerous courts. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*); accord *People v. Nash* (2020) 52 Cal.App.5th 1041; *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v.*

*Alaybue* (2020) 51 Cal.App.5th 207; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270.)  We agree with the results reached in these cases, and as the parties are also in agreement that Senate Bill 1437 is not unconstitutional on any of these bases, we do not address the issue further.

### B. Merits and Appointment of Counsel

Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability could petition to have his or her conviction vacated and be resentenced.  Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of

10

first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327, review granted Mar. 18, 2020, S260493 (*Verdugo*).) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.[4] (*Id.* at p. 330.) If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Id.* at p. 332; *Lewis, supra,* 43 Cal.App.5th at p. 1140.)

In this case, the issue is whether there is anything in the record of conviction that would permit the trial court to determine that York does not fall within section 1170.95's provisions, such that it could deny his petition without appointing counsel. More specifically, the question is whether the trial court properly concluded *as a matter of law* that the record on appeal precludes York from showing that

---

[4] For example, if the jury was not instructed on a natural and probable consequences or felony murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138–1139, review granted Mar. 18, 2020, S260598 (*Lewis*) [appellate court opinion holding that jury convicted defendant of murder as a direct aider and abettor barred defendant from relief as a matter of law].)

11

he was not a major participant in the robbery and did not act with reckless indifference to human life. We conclude the record provides no basis for such a determination.

1. **The Jury's Special Circumstance Finding Does Not Preclude Eligibility**

The People urge us to affirm the trial court's denial of York's petition on the basis of the jury's 1994 robbery-murder special circumstance finding (§ 190.2, subd. (a)(17)), which we affirmed in 1996. The jury's true finding was predicated on its determination that York was both a "major participant" in the robbery and acted with "reckless indifference" to human life. Under section 1170.95, a petitioner must make a prima facie showing that he or she "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) The language of section 189, subdivision (e)(3), as amended by Senate Bill 1437, tracks the language of the special circumstance provision. Section 189, subdivision (e) now provides that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(in this case, robbery)] in which a death occurs is liable for murder only if one of the following is proven: [¶] . . . [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

12

In their wording, the requirements for a special circumstance finding are thus identical to the requirements for felony murder, as it is currently defined.  However, in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), our Supreme Court "construed the meanings of 'major participant' and 'reckless indifference to human life' 'in a significantly different, and narrower manner than courts had previously.' (*Torres, supra,* 46 Cal.App.5th at p. 1179.)" (*Smith, supra,* 49 Cal.App.5th at p. 93.)  Where a special circumstance finding was made before *Banks* and *Clark*, the terms "major participant" and "reckless indifference" underlying that finding have significantly different meanings than these terms have for purposes of convicting a defendant of murder pursuant to section 189, subdivision (e)(3), as amended by Senate Bill 1437.  As a consequence, a pre-*Banks* and *Clark* special circumstance finding cannot preclude eligibility for relief under the section 1170.95 *as a matter of law*, because the factual issues that the jury was asked to resolve in a trial that occurred before *Banks* and *Clark* were decided are not the same factual issues our Supreme Court has since identified as controlling.[5]

The Legislature has not indicated that these differences in meaning should be ignored, nor has it

---

[5] Neither a jury's true finding on a special circumstance allegation, nor a court's affirmance of a true finding, made post-*Banks* and *Clark* is presented in this case, and we do not address either circumstance here.

expressed an intent to differentiate between defendants with a pre-*Banks* and *Clark* special circumstance finding, and, for instance, defendants who were not charged with a special circumstance. A jury has not determined whether the defendant was a "major participant" who acted with "reckless indifference" under correctly articulated standards in either case, yet *Gomez* and *Galvan* would require the first category of defendants to seek habeas relief before filing a section 1170.95 petition. We see no reason to require a defendant with a pre-*Banks* and *Clark* special circumstance to go through this additional step, and absent a statutory basis for doing so, we will not read a limitation into section 1170.95 where none exists.

We do not find recent authority to the contrary persuasive. On July 14, 2020, in a letter pursuant to California Rules of Court, rule 8.254, the People alerted us to Division One of the Court of Appeal, Fourth Appellate District's opinion in *People v. Gomez* (2020) 52 Cal.App.5th 1 (*Gomez*), which affirmed the trial court's order denying the petitioner relief under section 1170.95 on the basis of the jury's pre-*Banks* and *Clark* special circumstance finding. The appellate court characterized "Gomez's bid to relitigate her felony murder conviction under section 1170.95 in light of *Banks* and *Clark* . . . in effect a challenge to the sufficiency of the evidence to support the robbery and kidnapping special circumstance findings against her." (*Id.* at p. 9.) The court agreed with the prosecution that "the proper procedure for [a petitioner] to challenge her special circumstance

14

findings based on clarification of the relevant law in *Banks* and *Clark* is to bring a petition for habeas corpus, in which she would bear the burden of showing the findings must be vacated on the ground there is insufficient evidence to support them." (*Id.* at p. 10.) The court affirmed the trial court's denial of Gomez's petition because "in finding the robbery and kidnapping special circumstance allegations true, the jury necessarily found that Gomez either participated in the alleged robbery and kidnapping with the intent to kill [the victim], or that she was a major participant in those crimes who acted with reckless indifference to [the victim's] life. Because either finding would allow Gomez to be convicted of first or second degree murder notwithstanding the changes to sections 188 and 189 made effective January 1, 2019, Gomez is not eligible for relief from her murder conviction under section 1170.95. (§ 1170.95, subd. (a)(3).)" (*Id.* at p. 8.)

In an even more recent case, Division One of the Court of Appeal, Second Appellate District reached the same conclusion, under reasoning that the People urge us to adopt here.[6] (*People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*).) The *Galvan* court affirmed the trial court's determination that "[b]y finding a [pre-*Banks* and *Clark*] special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a

---

[6] The People brought *Galvan* to our attention in a letter pursuant to California Rules of Court, rule 8.254, dated August 13, 2020.

defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated. (See § 1170.95, subd. (a)(3).)" (*Id*. at p. 1141.) Under *Galvan,* where a jury has found a special circumstance true under the standards as they were understood before *Banks* and *Clark*, the petitioner must successfully challenge the special circumstance in a habeas corpus proceeding before he or she may be found eligible for resentencing under section 1170.95. (*Ibid*.) In reaching this conclusion, the *Galvan* court stated that it disagreed with our opinions in *Torres* and *Smith*. We agree that we disagree, but not for the reasons that *Galvan* articulates.

*Galvan* states that in *Torres* and *Smith*, this court "held that a defendant may challenge a felony murder special circumstance by means of a petition under section 1170.95." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141.) Neither *Torres* nor *Smith* so holds. In fact, we agree with *Galvan* and *Gomez* insofar as those cases hold that section 1170.95 does not create a mechanism to challenge a special circumstance allegation under section 190.2, subdivision (a)(17). Our analyses in *Torres* and *Smith* recognized that section 1170.95 permits a petitioner to challenge a *murder conviction*. If that challenge succeeds, then under section 1170.95, subdivision (d)(3), the special circumstance is vacated as a collateral consequence. (§ 1170.95, subd. (d)(3) ["[i]f the prosecution fails to sustain its burden of proof, the

16

prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated"].)  The fact that the special circumstance finding will be vacated as a result of a successful challenge to the murder conviction does not mean the special circumstance itself was challenged in the section 1170.95 proceeding.  For example, a gang enhancement attached to a vacated murder conviction will also be vacated.  We would not consider the section 1170.95 proceedings to have been a challenge to the gang enhancement; vacatur of the gang enhancement would simply be the necessary collateral effect of a successful challenge to the murder conviction to which it was attached. The same is true of a special circumstance finding.

We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding.  The statute does not state that a true finding on a special circumstance allegation automatically precludes relief.  To the contrary, its language implies that there is no such bar to eligibility.  Section 1170.95, subdivision (d)(2), provides:  "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."  We find it significant that the Legislature made no provision for

17

the consequence of a prior finding by a court or a jury that a petitioner *was* a major participant and *did* act with reckless indifference to human life.[7]  If the Legislature had intended such a finding automatically to preclude eligibility for relief, it could have said so.  We will not read a preclusive provision into the statute absent any indication that the Legislature intended one.

Ignoring the import of section 1170.95, subdivision (d)(2)—the only portion of the statute that addresses an aspect of a special circumstance finding—*Gomez* and *Galvan* advance between them two reasons for their newly-crafted requirement that a petitioner with a pre-*Banks* and *Clark* special circumstance finding must first seek habeas corpus relief.  Neither reason is persuasive.

First, the *Galvan* court states that "[a]lthough Galvan is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*.  Nothing about those requirements changed as a result of Senate Bill No. 1437." (*Galvan, supra,* 52 Cal.App.5th at p. 1142.)

This is simply untrue.  What permits a defendant convicted of felony-murder to challenge his or her murder conviction based on the contention that he or she was not a

---

[7] Subdivision (d)(2) is the only provision in section 1170.95 that uses the language "act with reckless indifference to human life" and "major participant."

18

major participant in the underlying felony who acted with reckless indifference to human life, are the changes Senate Bill 1437 made to sections 188 and 189, and in particular the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark*. This is readily apparent from the fact that, even a petitioner who successfully challenged a special circumstance finding after *Banks* and *Clark*, but before Senate Bill 1437 became effective, remained convicted of murder. (*In re Bennett* (2018) 26 Cal.App.5th 1002, 1026–1027 [special circumstance finding vacated on habeas corpus pursuant to *Banks* and *Clark* with directions to resentence petitioner for robbery and felony murder].) It took the changes wrought by Senate Bill 1437 to permit the challenge to the murder conviction itself. (See *In re Taylor* (2019) 34 Cal.App.5th 543, 561–562 [requiring petitioner who successfully challenged special circumstance finding pursuant to *Banks* and *Clark* after effective date of Senate Bill No. 1437 to file separate proceeding pursuant to section 1170.95 regarding murder conviction].)

Second, *Galvan* and *Gomez* assert that allowing a defendant with a pre-*Banks* and *Clark* special circumstance finding to proceed pursuant to section 1170.95 would "give [the defendant] an enormous advantage over other similarly situated defendants based solely on the date of his conviction. Defendants convicted after the Supreme Court issued its decisions in *Banks* and *Clark* would be required to challenge the sufficiency of the evidence of the special circumstance finding on direct appeal, where the People

19

would need only to show that substantial evidence supported that finding.  . . .  [In contrast, in the case of] a defendant . . . convicted before *Banks* and *Clark* . . . the prosecution would be required to prove the special circumstance beyond a reasonable doubt.  (See *Gomez, supra,* 52 Cal.App.5th 17.)" (*Galvan, supra,* 52 Cal.App.5th at pp. 1142–1143.)  *Galvan* concluded that "nothing in the language of Senate Bill No. 1437 suggests that the Legislature intended unequal treatment of such similarly situated defendants."  (*Id.* at p. 1143.)

But the difference in treatment between the classes of defendants that *Gomez* and *Galvan* construct is not arbitrary, nor based "solely" on the dates of conviction: the difference is based on whether a particular defendant ever had the necessary elements of the amended murder statutes proven beyond a reasonable doubt.  *Gomez*  and *Galvan* fail to recognize that, in the case of a post-*Banks* and *Clark* conviction, a jury has found, beyond a reasonable doubt, that the defendant was a "major participant" who acted with "reckless indifference" *under correctly articulated standards*. It is only on direct appeal that such a defendant is subject to the substantial evidence standard.  In contrast, a defendant convicted pre-*Banks* and *Clark* has never had the benefit of the beyond a reasonable doubt standard as to those essential elements; yet, *Gomez* and *Galvan* would require such a defendant to overcome a substantial evidence standard in a habeas corpus proceeding.  Permitting a defendant who has never been found to be a "major participant" who acted with

20

"reckless indifference" under the murder statutes as amended by Senate Bill No. 1437 (i.e., standards consistent with the requirements of *Banks* and *Clark*) to do so in the first instance in a section 1170.95 proceeding affords all defendants equal treatment in the application of section 189, subdivision (e)(3).

We held in *Torres* and *Smith* that a pre-*Banks* and *Clark* special circumstance finding—necessarily made on the basis of our former, and significantly different, understanding of what the terms "major participant" in the underlying felony and "reckless indifference" to human life meant—does not preclude relief under section 1170.95 as a matter of law. The trial court simply cannot deem the findings underlying the special circumstance identical to the findings necessary to preclude eligibility under section 1170.95 without making a separate determination concerning the validity of the special circumstance— something that is not authorized by section 1170.95. When the trial court cannot determine that the petitioner is ineligible for relief *as a matter of law* on the basis of the special circumstance (or on any other basis), the petitioner is permitted to proceed to the next stage of review under section 1170.95, subdivision (c). In that next stage, the trial court must evaluate, after appointment of counsel (if requested) and briefing, whether the facts and circumstances of the offense(s) prevent the petitioner from making "a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c).)

21

In this case, the jury's special circumstance finding, affirmed in 1996, approximately two decades before *Banks* and *Clark* were decided, does not preclude York from relief as a matter of law. We cannot affirm the trial court's ruling on this ground, as the People urge.

2. **The Trial Court Erred in Summarily Denying the Petition Based on Its Evaluation of Facts Recited in the Record of Conviction**

Here, without appointing counsel to York or permitting counsel to make a filing, the trial court reviewed this court's 1996 appellate opinion and considered the facts as described in the discussion of the sufficiency of the evidence supporting the special circumstance. The trial court made a determination that those facts were sufficient to establish that York was a major participant in the underlying felony and acted with reckless indifference to human life. It was error for the trial court to engage in this factual analysis at this stage of the proceedings. (*Smith*, *supra*, 49 Cal.App.5th at pp. 95–96.)

Because neither of the trial court's reasons for denying York's petition is valid, and it does not appear that he is otherwise ineligible for relief as a matter of law as the People argue, we reverse and remand the matter to the trial court to appoint counsel and consider briefing.

22

**DISPOSITION**

The trial court's order denying York's resentencing petition is reversed and the matter remanded for the trial court to appoint counsel and conduct further proceedings in accordance with the terms of section 1170.95.


MOOR, J.

I concur:


KIM, J.

The People v. Reginald Ray York
B298635


BAKER, Acting P. J., Concurring


The opinion for the court persuasively explains why reversal is required notwithstanding the recent opinions in *People v. Gomez* (2020) 52 Cal.App.5th 1 (*Gomez*) and *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*).[1]  I concur in that judgment.  I write separately to elaborate on *Galvan* and *Gomez* in one respect.

The majority opinion discusses various reasons why *Gomez* and *Galvan* incorrectly conclude a Penal Code section 1170.95[2] petitioner convicted of special circumstances murder before *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) cannot make a prima facie showing of eligibility for section 1170.95 relief.  Among these reasons is the astute observation that a section 1170.95 petition is not a challenge to a special

<hr />

[1]  The same court that decided *Galvan* also recently published another decision, *People v. Murillo* (Sept. 1, 2020, B297546) ___ Cal.App.5th ___, that repeats its earlier analysis in *Galvan*.  The comments I offer apply equally to both opinions.

[2]  Undesignated statutory references that follow are to the Penal Code.

circumstance finding but rather a challenge to the associated murder conviction that can obviously result in vacatur of a special circumstance finding as a collateral consequence (§ 1170.95, subd. (d)(3)).

The majority opinion does not discuss another reason why the analysis in *Gomez* and *Galvan* is unpersuasive: the *Gomez* and *Galvan* courts do not specify a legal grounding for their conclusion that a habeas petition must precede the filing of a section 1170.95 petition when a pre-*Banks* and *Clark* special circumstance allegation is found true. *Galvan*, for instance, repeats the Attorney General's argument in that case that a section 1170.95 petition is not a "proper vehicle" for a challenge to a special circumstance allegation true finding.[3] (*Galvan, supra*, 52 Cal.App.5th at 1141; see also *id.* at 1143 ["section 1170.95 is not the correct vehicle for a *Banks* and *Clark* special circumstance challenge"].) *Gomez* does the same. (*Gomez, supra*, 52 Cal.App.5th at 17 ["We agree with the People that the proper procedure for [the petitioner] to challenge her special circumstance findings based on clarification of the relevant law in *Banks* and *Clark* is to bring a petition for habeas corpus . . ."].)

But "proper" according to what? *Galvan* and *Gomez* cite no constitutional provision, no statute, and no controlling precedent that compels the conclusion that a

---

[3] As the majority opinion explains and I have already reiterated, this is the wrong framing. A section 1170.95 petition is a challenge to the murder conviction, not the associated special circumstance finding.

2

habeas petition must precede the filing of a section 1170.95 petition in a special circumstance case. (*Galvan, supra*, 52 Cal.App.5th at 1142 ["It is not only *unnecessary*, in light of the existence of habeas corpus relief, to allow Galvan to proceed with a petition under section 1170.95 . . ."], italics added; *Gomez, supra*, 52 Cal.App.5th at 17.) *Galvan* does reason that a petitioner who does not file a habeas petition before a section 1170.95 petition is given "an enormous advantage over other similarly situated defendants" (*Galvan, supra*, at 1142), and assuming the *Galvan* court is relying on something other than its own notion of fair play, we may be meant to infer the opinion's rationale is premised on some sort of invocation of constitutional equal protection principles. But the *Galvan* court never comes out and says that, and I see no justification for such an odd invocation of equal protection doctrine. Moreover, even taking *Galvan* on its own terms, the majority opinion in this case correctly explains "the difference in treatment between the classes of defendants that *Gomez* and *Galvan* construct is not arbitrary, nor based 'solely' on the dates of conviction: the difference is based on whether a particular defendant ever had the necessary elements of the amended murder statutes proven beyond a reasonable doubt."

I have accordingly seen nothing to date that causes me to reconsider my view that *People v. Smith* (2020) 49 Cal.App.5th 85, review granted Jul. 22, 2020, S262835 is correctly decided.


BAKER, Acting P. J.

4